# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CHRIS KERR and KERR ROCK & DIRT,<br>Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| CITY OF WHEATLAND, MISSOURI; | )<br>) |
| WHEATLAND CITY COUNCIL; | )<br>) |
| DENNIS HARGISS,<br>in his individual and official capacity as Mayor; | )<br>) Case No.<br>) |
| WILETA KELLISON,<br>in her individual and official capacity as Alderman; | )<br>)<br>) |
| RANDY MABERRY,<br>in his individual and official capacity as Alderman; | )<br>)<br>) |
| DEANNA HENDERSON,<br>in her individual and official capacity as Alderman; | )<br>)<br>) |
| TIM GILLIAM,<br>in his individual and official capacity as Alderman,<br>*Defendants*. | )<br>)<br>) |

## COMPLAINT PARTIES

1. Plaintiff Chris Kerr is an individual and owner of Kerr Rock & Dirt, a Missouri business entity with its principal place of business in Wheatland, Missouri.

2. Plaintiff Kerr Rock & Dirt is a Missouri business entity engaged in the gravel and dirt business, regularly bidding on and performing public works contracts.

3. Defendant City of Wheatland is a municipal corporation organized under Missouri law.

4. Defendant Wheatland City Council is the governing body of the City of Wheatland.

5. Defendants Hargiss, Kellison, Maberry, Henderson, and Gilliam are individuals who serve as Mayor and City Council members, respectively, and are sued in both their individual and official capacities.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1331 as this action arises under the Constitution and laws of the United States, specifically the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

7. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

8. Venue is proper in this district as all defendants reside within this judicial district and the events giving rise to this complaint occurred within this district.

**FACTUAL ALLEGATIONS**

9. On or about March 2025, the City of Wheatland advertised for sealed bids for approximately 1,000 tons of 3"-6" rip rap rock to be hauled and placed around the city lagoons.

10. The advertisement specified that all bids must be sealed and submitted to City Hall no later than Monday, March 24, 2025, at 4:00 p.m., with bids to be opened that evening at the regular city council meeting at 5:00 p.m.

11. The advertisement stated, "The city reserves the right to refuse any and all bids."

12. Three bids were received and opened at the March 24, 2025, council meeting:

    a. Don Howe Gravel & Dirt, Wheatland, MO: $22,910.00

    b. Kerr Rock & Dirt, Wheatland, MO: $21,000.00

    c. CleanInfusion Water & Wastewater Services, Columbia, MO: $78,435.29

13. Plaintiff Kerr Rock & Dirt submitted the lowest bid at $21,000.00.

14. Don Howe Gravel & Dirt's bid was $1,910.00 higher than Plaintiff's bid.

15. At the March 24, 2025, meeting, Alderman Wileta Kellison made a motion to accept the bid from Don Howe in the amount of $22,910.00 because "they are familiar with his work as he has done work for the city in the past and that they were pleased with the work."

16. The motion was seconded by Randy Maberry.

17. The City Council voted to accept Don Howe's bid, with all members voting in favor and the motion passing.

18. The City has an ordinance establishing a purchasing system for the City of Wheatland, Missouri (Ordinance 162).

19. The City's ordinance provides that the purchasing agent may prescribe and maintain such forms and procedures as necessary to accomplish the function of purchasing.

20. The meeting minutes contain no discussion or documentation of any determination regarding the responsibility of any bidder.

21. No reasons were documented in the meeting minutes regarding why the lowest bid was not accepted.

22. The City's public rejection of Kerr Rock & Dirt's lowest compliant bid in favor of a higher bidder, coupled with the public statement that the City was "familiar with [Don Howe's] work" and "pleased with the work," creates a stigmatizing inference that Kerr Rock & Dirt is unfamiliar, untested, or inferior to other contractors.

23. These statements and actions were made in a public meeting and memorialized in public meeting minutes that are available to other potential customers, contractors, and members of the public.

24. As a local business operating in a small community, Kerr Rock & Dirt's reputation for competence and reliability in public works projects is essential to its ability to compete for both public and private contracts.

25. The City's arbitrary rejection of Kerr Rock & Dirt as the lowest bidder, without any finding that it was not a responsible bidder, has damaged and will continue to damage Plaintiffs' professional reputation and business relationships in the community.

26. Upon information and belief, the City's actions have created a negative inference about Kerr Rock & Dirt's qualifications that will affect its ability to successfully bid on future public and private projects.

## COUNT I - VIOLATION OF PROCEDURAL DUE PROCESS
### (42 U.S.C. § 1983)

27. Plaintiffs incorporate all preceding paragraphs.

28. As established in *Harris v. Hays*, 452 F.3d 714 (8th Cir. 2006), Arkansas statutes create a property interest in a competitively bid public contract for the lowest bidder that complied with the bidding specifications and procedures. Missouri law similarly requires awarding contracts to the "lowest responsible bidder."

29. The City's own Ordinance 162 establishes a purchasing system that creates procedures and expectations for the bidding process.

30. As the lowest bidder who complied with all bidding specifications and procedures, Plaintiffs had a legitimate claim of entitlement to the contract absent a determination that they were not a "responsible" bidder.

31. The meeting minutes demonstrate that Defendants rejected Plaintiffs' lowest bid and awarded the contract to Don Howe based solely on familiarity with past work, without any finding or determination that Plaintiffs were not a responsible bidder.

32. Defendants failed to provide Plaintiffs with notice of any concerns about their responsibility, any opportunity to be heard, or any stated reasons why they were not awarded the contract as the lowest bidder.

33. These actions were taken under color of state law through official action of the City Council at a public meeting.

34. As a direct result, Plaintiffs have suffered economic damages in the amount of at least $21,000 (the contract value) plus lost profits.

## COUNT II - VIOLATION OF EQUAL PROTECTION
### (42 U.S.C. § 1983)

35. Plaintiffs incorporate all preceding paragraphs.

36. As recognized in *Harris v. Hays*, 452 F.3d 714, 719 (8th Cir. 2006), cronyism and favoritism in municipal contracting can support equal protection claims, particularly where contracts are awarded based on familiarity and personal relationships rather than objective criteria.

37. Defendants treated Plaintiffs differently from the similarly situated bidder Don Howe, both of whom submitted conforming sealed bids for the same project.

38. The meeting minutes establish that Defendants awarded the contract to Don Howe at $22,910 despite Plaintiffs' lower bid of $21,000, based solely on the stated reason that "they are familiar with his work as he has done work for the city in the past."

39. As demonstrated in *Advance Tank & Construction Co. v. Birmingham Water Works*, 761 F.2d 764 (11th Cir. 1985), a governmental body's determination must not be arbitrary and capricious, and the test is whether the decision was done without reason, done impulsively, or made irresponsibly.

40. Defendants provided no legitimate governmental objective for paying $1,910 more for the same work, and made no determination that Plaintiffs were not a responsible bidder.

41. This differential treatment based on familiarity and past relationships rather than objective bidding criteria violated Plaintiffs' rights to equal protection under the law.

42. The disparate treatment based on favoritism has caused reputational harm to Plaintiffs by creating a public record suggesting that Kerr Rock & Dirt, despite being the lowest bidder, was somehow less qualified or desirable than the favored contractor.

43. This reputational harm constitutes an additional injury beyond the economic loss of the contract, as it affects Plaintiffs' standing in the business community and ability to compete fairly for future opportunities.

## COUNT III - CONSPIRACY TO VIOLATE CIVIL RIGHTS

### (42 U.S.C. § 1983)

44. Plaintiffs incorporate all preceding paragraphs.

45. As addressed in *Cook v. City of Cuthbert*, 195 F. Supp. 2d 1371 (M.D. Ga. 2002), § 1983 claims can be based on concerted action by municipal officials acting under color of state law.

46. The meeting minutes of March 24, 2025, demonstrate that Alderman Kellison made the motion to accept Don Howe's higher bid, stating, "they are familiar with his work as he has done work for the city in the past," which was seconded by Alderman Maberry.

47. All council members present - Mayor Hargiss, Aldermen Kellison, Maberry, Henderson, and Gilliam - voted unanimously to accept the higher bid without any discussion of Plaintiffs' qualifications or responsibility.

48. This unanimous action to award the contract to a bidder who was $1,910 higher, based solely on familiarity, demonstrates concerted action to deprive Plaintiffs of their constitutional rights.

## COUNT IV - VIOLATION OF MISSOURI SUNSHINE LAW

**(State Law Claim)**

49. Plaintiffs incorporate all preceding paragraphs.

50. Missouri's Sunshine Law, Chapter 610 of the Revised Statutes of Missouri, requires transparency in governmental decision-making and proper documentation of public decisions.

51. The March 24, 2025, meeting minutes fail to document any substantive reasons for rejecting the lowest bid or any determination that Plaintiffs were not a responsible bidder.

52. The only reason stated in the public record for accepting the higher bid was familiarity with past work, with no documentation of any comparative analysis or evaluation of bidders' qualifications.

53. Upon information and belief, the decision to award the bid to Don Howe may have been predetermined outside the public meeting.

## COUNT V - BREACH OF MUNICIPAL ORDINANCE

### (State Law Claim)

54. Plaintiffs incorporate all preceding paragraphs.

55. The City of Wheatland's Ordinance 162 establishes a purchasing system for the City that governs the bidding process.

56. As established in *L & H Sanitation v. Lake City Sanitation*, 585 F. Supp. 120 (E.D. Ark. 1984), municipal ordinances requiring contracts be awarded to the "lowest responsible bidder" create enforceable property rights for compliant bidders.

57. Defendants breached the City's purchasing procedures by awarding the contract to a bidder who was $1,910 higher without making any finding that Plaintiffs were not a responsible bidder.

58. The meeting minutes contain no determination regarding responsibility, qualifications, or

59. any other legitimate basis for rejecting the lowest bid as required by the ordinance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that Defendants violated Plaintiffs' constitutional rights;

B. Enjoin Defendants from proceeding with the improperly awarded contract;

C. Order Defendants to re-bid the project or award it to Plaintiffs as the lowest responsible bidder;

D. Award compensatory damages in an amount to be determined at trial;

E. Award damages for injury to Plaintiffs' professional and business reputation;

F. Issue injunctive relief requiring Defendants to publicly clarify that no determination was made regarding Plaintiffs' responsibility or qualifications as a bidder;

G. Award punitive damages against the individual defendants;

H. Award attorneys' fees and costs;

I. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kristi S. Fulnecky*
Kristi S. Fulnecky, MO Bar # 59677

FULNECKY LAW, LLC
2627 W. Republic Road St # A-108
Springfield, MO 65807
417-882-1044 phone
kristi@fulneckylaw.com

ATTORNEY FOR PLAINTIFF

# VERIFICATION

*[signature: CL]*

CHRIS KERR

State of Missouri  )
                   ) ss.
County of Hickory  )

*[initials: ym]*

Chris Kerr of lawful age, being duly sworn on ~~her~~ his oath, states that he is the Defendant named above and that the facts stated in the petition are true according to her best knowledge and belief.

Subscribed and sworn to before me this 10th day of October, 20 25

My commission expires: 01/13/2027

*[signature: Lesley K. McCarter]*
Notary

```
LESLEY K MCCARTER
Notary Public - Notary Seal
STATE OF MISSOURI
St. Clair County
My Commission Expires: Jan. 13, 2027
Commission # 19228540
```